Hill Estate

SAYLOR, J., January 27, 1960.—A petition has been presented in the above estate for the issuance of a citation directed to Viola B. Hill, executrix of the will of Obadiah W. Hill, deceased, to show cause why she should not be removed from her office as executrix and the letters testamentary heretofore issued to her by the register of wills on July 24, 1959, vacated for the reason that Viola B. Hill was adjudged an incompetent by decree of this court entered December 7, 1959. Petitioner is Dorothy N. Burton, guardian of the estate of the incompetent, who requests that she be appointed administratrix d.b.n.c.t.a. of the estate of Obadiah W. Hill in place of the said Viola B. Hill.

The requests set forth in the petition will be considered in the order stated.

Section 331 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.331, entitled "Grounds for Removal" provides:

"The Court shall have exclusive power to remove a personal representative when he . . .

(2) has been adjudged a lunatic, a habitual drunkard, or a weak-minded person; or

(3) has become incompetent to discharge the duties of his office because of . . . mental incapacity and his incompetency is likely to continue to the injury of the estate; . . .".

The phrase "has been adjudged a lunatic, a habitual drunkard or a weak-minded person" is substantially

the language used in the legislation pertaining to mentally ill persons at the time of the enactment of the Fiduciaries Act of 1949.

Subsequently the Incompetents' Estates Act of June 28, 1951, P. L. 612, 50 PS §1632, was adopted. Section 102(3) thereto contains the following definition:

" 'Incompetent' means a person, who, because of mental infirmities of old age, mental illness, mental deficiency, drug addiction or inebriety, is unable to manage his property, or is liable to dissipate it or become the victim of designing persons. *It includes a person heretofore declared to be a lunatic, an habitual drunkard, insane or weak-minded.*"

The Joint State Government Commission Comment on this section states, inter alia:

"The last sentence is required because of the retroactive application of the act."

The Incompetents' Estates Act of 1951 was later repealed insofar as the jurisdiction of the orphans' court is concerned by the Incompetents' Estate Act of February 28, 1956, P. L. (1955) 1154. The latter act in section 102(3) contains the identical definition of an incompetent contained in the Act of 1951, except the last sentence, underlined above, which has been omitted from the Act of 1955.

However, although clause (2) of section 331 of the Fiduciaries Act of 1949 does not include adjudication of incompetency as a cause for removal, such an adjudication constitutes a judicial determination under clause (3) that Viola B. Hill "has become incompetent to discharge the duties of" her "office because of . . . mental incapacity . . .".

With respect to the further provision that the "incompetency is likely to continue to the injury of the estate," the evidence submitted at the hearing as to incompetency indicates that the incompetent is suffer-

ing from cerebral arteriosclerosis and that the condition is progressive and incurable.

Under the circumstances the issuance of a citation directed to Viola B. Hill to show cause why she should not be removed as executrix of the will of Obadiah W. Hill, deceased, requiring as a matter of procedure an answer by the guardian and a subsequent hearing, would serve no useful purpose.

Section 332 of the Fiduciaries Act of 1949, 20 PS §320.332, provides, inter alia:

"The court on its own motion may, and on the petition of any party in interest alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him . . ."

The court will take judicial notice of its own decree adjudging Viola B. Hill an incompetent. The adjudication constitutes a determination that she "is unable to manage her property or is liable to dissipate it or become the victim of designing persons" under the definition heretofore given. Perforce, in order to protect the rights of creditors or parties in interest in the estate of Obadiah W. Hill, deceased, Viola B. Hill should be removed summarily as executrix of his will.

As to the request of Dorothy N. Burton that she be appointed administratrix d.b.n.c.t.a. of the above estate, this court does not have jurisdiction to appoint a personal representative. Section 201 of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.201, provides, inter alia, that the register shall have jurisdiction as to the grant of letters to personal representatives.

In view of the request which has been made we point out that if Dorothy N. Burton is subsequently appointed administratrix d.b.n.c.t.a. of the estate of Obadiah W. Hill, deceased, she will be required to re-

sign as guardian of the incompetent Viola B. Hill who is the present beneficiary of the residue of that estate. Dorothy N. Burton as administratrix d.b.n.c.t.a. would have an interest adverse to that of the guardian of the incompetent's estate under the intendment of Supreme Court Orphans' Court Rule, section 14, rule 2(8), and the policy of this court.

In accordance with the foregoing opinion we therefore enter the following

### Decree

And now, January 27, 1960, upon consideration of the annexed petition, Viola B. Hill is removed as executrix of the will of Obadiah W. Hill, deceased, and the letters testamentary heretofore issued to her by the register of wills are hereby vacated; and Dorothy N. Burton, guardian of the estate of Viola B. Hill, an incompetent, is directed to file an account for Viola B. Hill of the latter's administration of the estate of Obadiah W. Hill, deceased, within 30 days of the date hereof.